

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00013-CR

DARRELL LASHAWN TURNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 25th District Court
Guadalupe County, Texas
Trial Court No. 18-1377-CR-B; Honorable William D. Old III, Presiding

November 25, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Darrell LaShawn Turner, appeals from his conviction by jury of the second-degree felony offense of robbery[1] and the resulting sentence of eleven years of

---

[1] TEX. PENAL CODE ANN. § 29.02 (West 2019).

imprisonment.[2]  In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw.  We affirm and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated he has complied with the requirements of *Anders* and *Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[4]  By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should

---

[2] TEX. PENAL CODE ANN. § 12.33 (West 2019) (providing that a person found guilty of a second degree felony may be punished by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000).

[3] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35.  The duty to send the client a copy of this court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

2

he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. The State did not favor us with a brief.

### BACKGROUND

In the summer of 2018, Appellant was charged with aggravated robbery of a Domino's restaurant. The matter was tried to a jury wherein Appellant's counsel argued Appellant was guilty only of the lesser-included offense of robbery.

The State presented witnesses as well as digital and audio recordings to show Appellant robbed a Domino's restaurant. Witnesses testified that Appellant and another man entered the restaurant. Appellant was wearing a black baseball cap with a red bandana covering part of his face. Appellant approached the general manager with a black pistol and said, "I'm gonna need all the money." Another employee gave Appellant money that was intended for the employees as well as money from his own pocket. The manager gave Appellant the money from the cash register. Appellant then demanded from the manager money from the safe. Police sirens were heard while the men were waiting for the safe to open. Appellant, identified at trial by the manager and other employees as the robber who held the gun, exited the restaurant through the back door, taking with him $125. Appellant can be seen exiting the restaurant in one of the patrol car recordings admitted into evidence. The manager testified he believed the gun Appellant pointed at him was real, he was scared and felt threatened, and thought Appellant could kill him. The other employees testified similarly.

## ANALYSIS

By the *Anders* brief, counsel advances two potential issues: (1) the sufficiency of the evidence to support the conviction and (2) the failure to request an instruction regarding attempted robbery. Counsel then evaluates the issues and concludes the record does not support reversible error.

We have independently examined the entire record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

Based on the above and foregoing, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

4